74 Mass. App. Ct. 383 (2009)          383

Doe, Sex Offender Registry Board No. 24341 *v.* Sex Offender Registry Board.

JOHN DOE, SEX OFFENDER REGISTRY BOARD No. 24341 *vs.*
SEX OFFENDER REGISTRY BOARD.

No. 07-P-1940.

Norfolk. April 2, 2009. - June 5, 2009.

Present: LENK, SIKORA, & WOLOHOJIAN, JJ.

*Sex Offender. Sex Offender Registration and Community Notification Act.*

This court vacated the judgment of the Superior Court dismissing a civil
action challenging the decision of the Sex Offender Registry Board (SORB)
that classified the plaintiff as a level one sex offender, and remanded the
matter to SORB for further proceedings, where, although the plaintiff was
afforded a hearing at which he was permitted to introduce evidence, including
presenting witnesses, neither the hearing officer nor the Superior Court
judge gave meaningful consideration to the plaintiff's claim that, despite a
twenty-five year old conviction of assault with intent to rape, he presented
no current risk of reoffense or threat to the public and, therefore, should be
relieved of any registration obligation under G. L. c. 6, § 178K(2)(*d*).
[385-388]

CIVIL ACTION commenced in the Superior Court Department on
December 1, 2006.

The case was heard by *Ernest B. Murphy*, J., on a motion for
judgment on the pleadings.

*Elizabeth Caddick* for the plaintiff.

*Jennifer K. Zalnasky* for the defendant.

WOLOHOJIAN, J. In the early morning of July 2, 1984, Doe
came staggering out of a bar in Quincy and began to follow a
woman whom he did not know. After she rebuffed his offer to
walk her home, he pushed her into some nearby bushes. A
struggle ensued during which Doe tried to kiss the woman, slapped
her several times, hit her head against the ground, pinned her
arms down, reached under her shirt, and tore her bra. The woman
was able to break away, passersby called the police, and Doe was
found hiding in the bushes. Doe was convicted (by plea) of as-
sault with intent to rape and indecent assault and battery. He was
sentenced to one year in the house of correction.

Twenty-one years later, the Sex Offender Registry Board (SORB) preliminarily classified Doe as a level two sex offender based exclusively on his convictions from the 1984 incident. Pursuant to G. L. c. 6, § 178L, Doe requested a de novo hearing before a hearing examiner, which he received. The hearing brought out the following additional information, none of which was controverted: Doe has no convictions other than those arising from the 1984 attack, and has had no criminal involvement of any sort since then. He began drinking in 1967, developed into an alcoholic, and had trouble controlling his anger and behavior when drunk. Shortly after the attack, he attended a detoxification program and recognized and addressed his alcoholism. He has not had a drink for more than two decades. The hearing examiner found that Doe expressed "sincere remorse for his behavior," and recognized the role that alcohol played in it. Doe has been continuously employed as a pressman for a Massachusetts newspaper since 1983, and has been a member of the pressman's union since 1977. He is currently on medical disability leave and has reduced mobility. He was married to his first wife for eleven years and had four children with whom he maintains good relationships. His second marriage produced a child with whom he also has a good relationship. His living situation is stable. In short, there was no evidence apart from the 1984 attack upon which to base a finding that Doe posed any risk of committing a sex offense. Based solely on the characteristics of that more than twenty year old crime,[1] the hearing examiner classified Doe as a level one sex offender.

Doe sought judicial review[2] in the Superior Court where, upon a motion for judgment on the pleadings, judgment was entered in favor of SORB and his level one classification was affirmed.

Both before the hearing examiner and in the Superior Court, Doe argued (among other things) that he posed no risk of reoffense and, hence, should be relieved of any registration obligation under G. L. c. 6, § 178K(2)(d), as amended by St. 1999, c. 74, § 2, which provides:

    "The board may, upon making specific written findings

---

[1]Twenty-two years before the hearing examiner's decision; almost twenty-five years ago today.

[2]Pursuant to G. L. c. 6, § 178M, and G. L. c. 30A, § 14.

74 Mass. App. Ct. 383 (2009)

385

Doe, Sex Offender Registry Board No. 24341 *v.* Sex Offender Registry Board.

that the circumstances of the offense in conjunction with the offender's criminal history do not indicate a risk of reoffense or a danger to the public and the reasons therefor, relieve such sex offender of any further obligation to register."[3]

On its face, G. L. c. 6, § 178K(2)(*d*), excludes from its protection those who have been convicted of a "sexually violent offense," regardless of whether they pose any current risk of reoffense. Assault with intent to commit rape is a "sexually violent offense" for purposes of the section. G. L. c. 6, § 178C. Based on these provisions, SORB argued (both to the hearing examiner and to the Superior Court) that Doe, because he had been convicted of assault with intent to commit rape, was not entitled to the provisions of § 178K(2)(*d*), but rather was mandatorily "subject to lifetime registration," and that "relief of registration is not an option." Doe argues that mandatory registration for those who pose no current threat to the public or risk of reoffense violates substantive due process.[4]

In *Doe, Sex Offender Registry Bd. No. 8725* v. *Sex Offender Registry Bd.*, 450 Mass. 780, 793 (2008) (*Doe No. 8725*), the Supreme Judicial Court held that due process requires that a sex offender be given the opportunity to demonstrate that he poses no current risk of reoffense or threat to the public.[5] In other words, a sex offender cannot be required to register simply because

---

[3]The section also provides that SORB "shall remove such sex offender's registration information from the registry and shall so notify the police departments where said sex offender lives and works or if in custody intends to live and work upon release, and where the offense was committed and the Federal Bureau of Investigation." G. L. c. 6, § 178K(2)(*d*).

[4]He also argues that he poses no risk or danger and that the hearing examiner's findings to the contrary were not supported by substantial evidence. For the reasons stated *infra*, we do not reach this aspect of Doe's appeal.

[5]*Doe No. 8725*, *supra*, involved a sex offender who was required to register, like Doe in this case, solely because of a guilty plea more than twenty years earlier to a "sexually violent offense." *Id.* at 781-782. The sex offender in *Doe No. 8725* challenged his automatic mandatory registration, arguing that automatic registration, without the opportunity of a hearing at which he could demonstrate that he posed no current risk of reoffense or threat, violates due process. The Supreme Judicial Court agreed, holding that "retroactive imposition of the registration requirement without an opportunity to overcome the conclusive presumption of dangerousness that flows solely from Doe's conviction, violates his right to due process under the Massachusetts Constitution"

he was — however long ago in the past — convicted of a sexually violent offense if he poses no current risk. *Doe No. 8725* was not available to either the hearing examiner or the Superior Court judge at the time of their decisions. As a result, both the hearing examiner and the Superior Court judge understandably appear to have considered Doe ineligible to claim the benefit of G. L. c. 6, § 178K(2)(*d*).[6]

Here, unlike in *Doe No. 8725*, Doe was afforded a hearing at which he was permitted to introduce evidence, including presenting witnesses. However, as noted above, it is not apparent that the hearing officer considered herself free to consider whether Doe — despite having been convicted of a sexually violent offense — was eligible to be relieved of all registration requirements if he demonstrated that he currently poses no risk of reoffense or current danger to the public. As noted above, SORB argued that Doe was automatically excluded from consideration under § 178K(2)(*d*), and the hearing officer does not mention or discuss that section at all. The due process required by *Doe No. 8725, supra,* does not simply require that Doe receive a hearing, but that the hearing entail meaningful consideration of his claim that he presents no current risk of reoffense or threat to the public. See *id.* at 791-792, quoting from *Roe* v. *Attorney Gen.,* 434 Mass. 418, 449 (2001) (Marshall, C.J., concurring in part and dissenting in part) (person must be given "opportunity to show what he likely could: that he is not a danger to children or other vulnerable persons").

It is true that the hearing officer found that Doe presented a "low" risk to reoffend and a "low" degree of danger to the public and classified him as a level one offender. Therefore, it could be argued that the hearing examiner concluded that Doe had not shown that he presented no risk of reoffense or threat to the community. This inferential leap, however, is not sustainable

and, accordingly, that Doe No. 8725 was entitled to an opportunity to show "that he neither poses a risk of reoffense nor is a current danger to vulnerable members of our communities." *Id.* at 793.

[6]The hearing examiner issued a lengthy written decision classifying Doe as a level one sex offender; however, her decision does not indicate whether she considered Doe's argument that he should not automatically be excluded from § 178K(2)(*d*). The Superior Court judge made no findings or rulings in connection with the dismissal of Doe's complaint.

where SORB argued that such a finding was legally foreclosed by the statute, the language of the statute appeared to support SORB's position, the record does not show that the hearing examiner considered the issue, and the hearing examiner did not have the benefit of *Doe No. 8725* at the time she considered or decided the issue.

In light of the above, we conclude that the hearing examiner must explicitly consider, and make written findings pertaining to, whether Doe currently presents a risk of reoffense or danger to the public. In this regard, we note that the Supreme Judicial Court has emphasized that retroactivity and due process concerns are implicated where registration is required solely based on the characteristics of an offense committed more than two decades earlier:

> "There is no dispute that sex offenders are a serious threat in this Nation, and that the public interest in protecting vulnerable members of the community from sexual predators is a compelling one. But it is nearly impossible to conclude that this interest and the statute's defined purposes are served by imposing, without any opportunity for classification on an individualized basis, a registration requirement on a person who committed a single sexual offense more than twenty-four years before the board's imposition of the requirement, and whose demonstrable record since that time contains no evidence whatsoever of predatory sexual acts characterized by repetitive and compulsive behavior."

*Doe No. 8725*, *supra* at 790 (quotations and citations omitted).

In order to avoid retroactivity concerns, registration can be required only based on an assessment "of the person's *current* level of dangerousness and risk of reoffense" (emphasis added). *Id.* at 787. Thus on remand, if the hearing examiner again concludes that SORB has met its burden of showing that Doe presents a "low" risk of reoffense or a "low" risk of danger to the public such that he must register, the facts upon which that assessment is based should be specifically found, particularly identifying any facts that postdate Doe's offense, as well as the evaluative process used to balance the characteristics of Doe's offense against Doe's life for the past twenty-five years. See *Cohen* v. *Board of Regi-*

*stration in Pharmacy*, 350 Mass. 246, 253 (1966) (in determining whether substantial evidence supports a particular finding, a court should evaluate the evidence that detracts from the finding as well as that which supports it). SORB's burden is to show that Doe presents a "cognizable risk of reoffense," *Doe, Sex Offender Registry Bd. No. 1211* v. *Sex Offender Registry Bd.*, 447 Mass. 750, 762 (2006), not merely a hypothetical or speculative potential risk. The term "low" must be given a reasonable interpretation; it should not be taken to mean "anything more than no."

In addition, the explanation of this evaluative process should also include the basis upon which the hearing examiner concludes (if she does so) that any predictive value can be placed on Doe's twenty-five year old offense, and to the extent that the offense has any predictive value, how that value is to be balanced and weighed against the totality of the other circumstances. These include, for example, the role alcohol may have played in the offense (and Doe's subsequent abstinence); the fact that Doe has no previous or subsequent history of sex offenses; his medical, vocational, and living situation; and any other factors that would bear on the predictive value of Doe's twenty-five year old crime. The hearing officer may find it helpful to receive expert testimony on these issues.

For these reasons, we vacate the judgment of the Superior Court dismissing Doe's complaint, and remand the matter to the SORB for further proceedings consistent with this opinion.

*So ordered.*