NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-680

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 4738

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe No. 4738 (Doe), appeals from a Superior Court judgment affirming his reclassification by the Sex Offender Registry Board (SORB) as a level one sex offender. On appeal, Doe claims that the reclassification decision was arbitrary, capricious, and not based on substantial evidence because the hearing examiner (examiner) mechanically applied SORB's regulatory factors while failing to provide an explanation for Doe's continued risk to reoffend. We affirm.

Background. We summarize the facts as set forth in the hearing examiner's decision, "supplemented by undisputed facts from the record." Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 606 (2011).

In November 1996, Springfield police interviewed a seven year old girl (victim) after she disclosed that Doe, her father, had sexually assaulted her.  The victim reported that when she was five years old, on multiple occasions, Doe came into her room at night and rubbed her vaginal area under her underwear.  The victim also reported to the police that Doe "was drinking beer a lot" and "hit us a lot with his belt."

In May 1997, Doe admitted to sufficient facts and a finding of guilt was entered on a single count of indecent assault and battery on a child under fourteen.  Doe was sentenced to two and one-half years at the house of correction, with one year to serve and the balance suspended with probationary conditions until March 1999.  Doe admitted to violating his probation in 1998 for failing to attend a rehabilitation program, and his probation was extended until April 2002.

Doe also has several criminal convictions spanning before and after his index sexual offense.  Between 1989 and 2019, Doe had been charged forty-two times in Massachusetts and Rhode Island for various offenses.[1]  His most recent conviction

---

[1] As stated in the examiner's decision, the full list of charges includes:  nine counts of assault and battery, five counts of larceny, four counts of disorderly conduct, three counts of a fugitive from justice, three counts of uttering a false check, two counts of forgery of a check, two abuse prevention act violations, two trespassing violations, two shoplifting charges, failure to appear on personal recognizance, threatening to commit a crime, possession of a class D

occurred in 2019, when he pleaded guilty for assault and battery after punching a stranger in a car in the face and received a one year incarceration sentence.  At the time of reclassification hearing, Doe was working to address his sobriety.

On September 4, 2003, SORB classified Doe as a level two sex offender.  In February 2020, Doe moved for termination of his sex offender registration obligation.  SORB initially denied this request.  After a de novo hearing challenging the recommendation, the examiner reclassified Doe as a level one sex offender.  A Superior Court judge affirmed SORB's ruling, and Doe appealed.

Discussion.  1.  Standard of review.  A reviewing court may set aside a decision of the board if it determines "that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law" (citation omitted).  Doe, Sex Offender Registry Bd. No. 22188 v. Sex Offender Registry Bd., 101 Mass. App. Ct. 797, 801 (2022).  The reviewing court shall "give due weight to the experience, technical competence, and specialized knowledge of

_____

substance, threat to commit murder, possession of a class B controlled substance, shoplifting second offense, passing counterfeit certifications/bills/notes, forgery and counterfeiting in general, obtaining money by false pretenses, and check kiting.

3

the agency, as well as to the discretionary authority conferred upon it."  Doe, Sex Offender Registry Bd. No. 10216 v. Sex Offender Registry Bd., 447 Mass. 779, 787 (2006), quoting G. L. c. 30A, § 14 (7).  As a result, Doe "bears a heavy burden of establishing that the [board]'s decision was incorrect" (citation omitted).  Doe, Sex Offender Registry Bd. No. 3177 v. Sex Offender Registry Bd., 486 Mass. 749, 757 (2021).

2.  Classification determination.  Doe contends that the examiner's decision was arbitrary and capricious, and not supported by substantial evidence, because the examiner could not "support a finding that Doe continued to present anything but a speculative risk of reoffense or danger to the community" and unduly emphasized "Doe's history of recent criminal conduct and stay at a sober house."  We disagree.

To support a level one classification, SORB must prove, by clear and convincing evidence, that Doe's "risk of reoffense is low and the degree of dangerousness posed to the public is not such that a public safety interest is served by public availability."  Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 646 (2019), quoting G. L. c. 6, § 178K (2) (a).  "[R]egistration can be required only based on an assessment 'of the person's current level of dangerousness and risk of reoffense'" (emphasis omitted).  Doe, Sex Offender Registry Bd. No. 24341 v. Sex Offender Registry

4

Bd., 74 Mass. App. Ct. 383, 387 (2009) (Doe No. 24341), quoting Doe, Sex Offender Registry Bd. No. 8725 v. Sex Offender Registry Bd., 450 Mass. 780, 787 (2008).  "SORB's burden is to show that Doe presents a 'cognizable risk of reoffense,' Doe, Sex Offender Registry Bd. No. 1211 v. Sex Offender Registry Bd., 447 Mass. 750, 762 (2006), not merely a hypothetical or speculative potential risk."  Doe No. 24341, 74 Mass. App. Ct. at 388.

Here, the hearing examiner properly applied and weighed several regulatory factors that support a finding of a low risk of reoffense.  For instance, the examiner applied one high risk factor at an increased weight, factor three, based on the pre-pubescent age of the victim and Doe's adult age at the time of the assault.  See 803 Code Mass. Regs. § 1.33(3)(a) (2016).  The examiner also appropriately applied Doe's frequent contact with the criminal justice system and violence unrelated to sexual assaults at full weight given his extensive criminal record, while assigning minimal weight to his noncompliance with community supervision.  See 803 Code Mass. Regs. § 1.33(10), (11), (13) (2016).  Moreover, the examiner moderately applied Doe's substance use, properly balancing both Doe's long history with drug and alcohol consumption and recent voluntary move to a sober living facility.  See 803 Code Mass. Regs. § 1.33(9) (2016).

As a counterbalance to the listed aggravating factors, the examiner applied five risk mitigating factors, taking into account Doe's supervision by probation, offense-free time in the community, advanced age, participation in sex offender treatment, and stability in the community. See 803 Code Mass. Regs. § 1.33(28), (29), (30), (32), (34) (2016). In combination, these risk elevating and risk mitigating factors provide robust and substantial evidentiary support for the examiner's analysis of Doe's risk of reoffense, and we discern no abuse of discretion.

We also are unpersuaded by Doe's argument that the examiner "engaged in a cursory effort based on a tally sheet of aggravating and mitigating factors" and failed to "provide any explanation on how he balanced them" to result in a level one classification. Our review of the hearing examiner's decision in its totality satisfies us that the examiner properly considered the facts of Doe's case and weighed them against the required statutory and regulatory factors. The examiner identified each factor applied and explained the reason for its application; in several instances, the examiner also specified the weight assigned to the factor based on the specifics of Doe's case. The hearing examiner's "[analytical] path may reasonably be discerned," NSTAR Elec. Co. v. Department of Pub. Utils., 462 Mass. 381, 387 (2012), quoting Costello v.

6

Department of Pub. Utils., 391 Mass. 527, 535-536 (1984), from the decision and it is clear that "the classification is based on a sound exercise of informed discretion rather than the mechanical application of a checklist or some other reflex." Doe, Sex Offender Registry Bd. No. 136652 v. Sex Offender Registry Bd., 81 Mass. App. Ct. 639, 651 (2012).  We discern no abuse of discretion.

Judgment affirmed.

By the Court (Massing, Henry & Grant, JJ.[2]),

*Paul Little*

Clerk

Entered:  November 13, 2024.

---

[2] The panelists are listed in order of seniority.