NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1434

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 8703

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe (Doe), appeals from a Superior Court judgment affirming his reclassification by the Sex Offender Registry Board (the board) as a level one sex offender. On appeal, Doe argues (1) that the hearing examiner (examiner) abused her discretion by denying his motion for expert funds and (2) that her decision was not supported by the substantial evidence.  We affirm.

Background.  In 1979, when Doe was eighteen years old, he was arraigned in the Superior Court on charges of rape of a child and indecent assault and battery on a child under fourteen.  He was later convicted of these charges.  Doe committed these offenses "twice over [two] days" against his

young cousin, who was no more than six years old at the time, while she was in his care for a weekend. Doe admitted that he fondled the child's vaginal area after a bath and that it caused her pain. Doe told the child not to say anything.

In 2005, Doe's daughter reported to police that Doe sexually abused her between the ages of thirteen and twenty-one, which was approximately 1996 to 2004. During that time, Doe molested her and forced her to have sexual intercourse with him. She described instances where Doe would grab her chest and buttocks, pull off her clothes, and force his penis into her vagina. He also repeatedly made her perform oral sex on him and give him a "hand job." Doe would tell her that she had to have sex with him to see her friends and threaten to beat her if she refused.

In 2009, Doe was reported to the police for repeatedly leering at a thirteen year old girl while she waited at her bus stop. That same year, the board recommended that Doe be classified as a level two sex offender, which he accepted. In 2020, after Doe filed a motion for reclassification, the board continued to recommend that Doe be classified as a level two sex offender. Doe requested a hearing to challenge the board's recommendation. As a result of the hearing, which took place in 2022, the examiner classified Doe as a level one sex offender.

The Superior Court subsequently affirmed the examiner's level one classification, which is now the subject of this appeal.

Discussion. 1. Expert funds. Doe moved for funds to retain his physician for expert testimony on his medical conditions and physical limitations. He argues that the examiner abused her discretion by denying Doe's motion for expert funds, while only giving his physical limitations moderate mitigating weight. "[T]he decision whether to grant an individual sex offender funds for an expert is a discretionary one, to be based on the facts presented in an individual case." Doe, Sex Offender Registry Bd. No. 89230 v. Sex Offender Registry Bd., 452 Mass. 764, 775 (2008). In moving for expert funds, the petitioner bears the burden of showing a need for expert testimony on an issue that is particular to him, is not a matter of common knowledge or experience, and has a bearing on his classification. Id. The board may deny expert funds where an expert "would not have assisted the hearing examiner in analyzing the factors enumerated in G. L. c. 6, § 178K . . . ." See Doe, Sex Offender Registry Bd. No. 15606 v. Sex Offender Registry Bd., 452 Mass. 784, 794 (2008).

"We review the examiner's decision to deny a motion for expert funds for an abuse of discretion." Doe, Sex Offender Registry Bd. No. 58574 v. Sex Offender Registry Bd., 98 Mass.

App. Ct. 307, 310 (2020). "[A] . . . discretionary decision constitutes an abuse of discretion where we conclude the [examiner] made a clear error of judgment in weighing the factors relevant to the decision . . . , such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted). Id. at 311.

Doe submitted several documents describing his medical conditions, all of which stated that he is disabled and has limited mobility. The examiner considered this evidence and accepted Doe's medical conditions as true and gave them moderate mitigating weight. Doe's physician, who was not an expert in sex offending or recidivism, would have only testified as to Doe's medical conditions and physical limitations, which was already sufficiently documented and accepted by the examiner. There is no indication that the expert testimony would have shown that Doe's medical conditions eliminated his risk of re-offense. We discern no error in the examiner's conclusion: "I do not find that [Doe's medical conditions] eliminate his ability to indecently assault a potential child [v]ictim, perhaps with his hands and through manipulation or his relationship, such as in his original governing offense."

Because the examiner made detailed findings of Doe's medical conditions and the expert testimony would not have

assisted her, the examiner did not abuse her discretion by denying Doe's motion for expert funds. See Doe No. 15606, 452 Mass. at 794.

2. Substantial evidence. Doe argues that the examiner's decision is arbitrary and capricious and not supported by substantial evidence because she found, without the aid of expert testimony, that he has "deviant sexual interests". "To determine the validity of an agency's decision, the reviewing court must determine whether the decision is supported by substantial evidence" (citation omitted). Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 88 (2019). "An agency decision should be set aside only if a court determines that the decision is unsupported by substantial evidence or is arbitrary or capricious, an abuse of discretion, or not in accordance with law" (quotation and citation omitted). Id. "Substantial evidence is 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 632 (2011), quoting G. L. c. 30A, § 1 (6).

"[S]ex offender risk classifications must be established by clear and convincing evidence in order to satisfy due process." Doe, Sex Offender Registry Bd. No. 380316 v. Sex Offender

Registry Bd., 473 Mass. 297, 314 (2015). "Under the clear and convincing standard, [t]he evidence must be sufficient to convey a high degree of probability that the contested proposition is true" (quotation and citation omitted). Doe No. 523391, 95 Mass. App. Ct. at 94.

"A hearing examiner has discretion . . . to consider which statutory and regulatory factors are applicable and how much weight to ascribe to each factor . . . ." Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 109-110 (2014). "We give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it" (quotation and citation omitted). Doe No. 523391, 95 Mass. App. Ct. at 88.

Here, the examiner's finding that Doe has "deviant sexual interests" was not a diagnosis of a mental abnormality requiring the aid of expert testimony. See 803 Code Mass. Regs. § 1.33 (3) (a) (2016) ("Offenders who target prepubescent children . . . are more likely to have a deviant sexual interest . . ."). Indeed, the examiner did not consider factor 1 for mental abnormality or mention the terms paraphilia or pedophilia. Instead, the examiner merely used the language found in the regulation. See 803 Code Mass. Regs. § 1.33 (2016)

6

("Research supports that the strongest predictors of sexual recidivism for all sex offenders are variables related to antisocial orientation and sexual deviance"). Furthermore, the examiner's finding that Doe has persistent "deviant sexual interests" is supported by the record, where over the course of twenty-five years Doe sexually assaulted two child victims, including a lengthy history of sexual abuse of his daughter, and was reported for leering at a thirteen year old extrafamilial girl.

Finally, the examiner's conclusion that Doe presents a low risk of re-offense and degree of dangerousness is supported by the substantial evidence. The examiner made detailed findings and explicitly articulated her reasons for the level one classification. See Doe, Sex Offender Registry Bd. No. 24341 v. Sex Offender Registry Bd., 74 Mass. App. Ct. 383, 387 (2009). Although the examiner found some mitigating factors, such as Doe's eighteen offense-free years, age, and limited mobility and access to children, she also found high risk and risk elevating factors. These factors include Doe's history of sexual penetration of two child victims, one of whom was extra-

vulnerably young, his persistent deviant sexual interests, and his ability to reoffend.

Judgment affirmed.

By the Court (Henry, Sacks & Singh , JJ.[1]),

Clerk

Entered:  May 2, 2025.

---

[1] The panelists are listed in order of seniority.