NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1436

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 527037

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming his final classification by the Sex Offender Registry Board (board) as a level one sex offender.[1]  He contends that the hearing examiner's decision was arbitrary and

_____

[1] Doe was preliminarily designated as a level three sex offender in September 2020.  Doe requested an administrative hearing to challenge the board's recommendation, and, following a de novo hearing, the board issued an amended decision ordering Doe to register as a level two sex offender in March 2021.  Doe then filed a complaint for judicial review and a motion for judgment on the pleadings in the Superior Court to reexamine the amended decision, which was allowed based on the hearing examiner's "fail[ure] to provide a reasoned analysis" of the classification decision and improper denial of Doe's motion for expert funds.  The matter was then remanded to the board for a new classification hearing, after which the board issued a decision reducing Doe's classification to level one in August 2022.

capricious and not supported by substantial evidence, and that he should be relieved of his obligation to register as a sex offender.  We affirm.

Discussion.  An agency decision may be set aside only if a court determines that the decision is "unsupported by substantial evidence or is arbitrary and capricious, an abuse of discretion, or not in accordance with the law" (citation omitted).  Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 88 (2019).  Our review of the Superior Court judge's decision is de novo, but our review of the underlying agency decision is more limited.  See id. at 88-89.  "[W]e give due weight to the experience, technical competence, and specialized knowledge of the agency" (quotation omitted).  Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 649 (2019) (Doe No. 496501).

Doe contends that the hearing examiner's decision to classify him as a level one sex offender was arbitrary and capricious, and not supported by substantial evidence, because the examiner rejected the testimony of Doe's expert witness, Dr. Saleh, "that Doe's advanced age, erectile dysfunction, and loss of libido place[] him at a relatively low risk of reoffense," and instead relied on the "severity of [Doe's] past conduct." We disagree.

2

To support a level one classification, the board must prove, by clear and convincing evidence, that Doe's "risk of reoffense is low and the degree of dangerousness posed to the public is not such that a public safety interest is served by public availability." Doe No. 496501, 482 Mass. at 646, quoting G. L. c. 6, § 178K (2) (a). A "low" risk of reoffense is "not merely a hypothetical or speculative potential risk." Doe, Sex Offender Registry Bd. No. 24341 v. Sex Offender Registry Bd., 74 Mass. App. Ct. 383, 388 (2009). "Rather, it is a risk that is 'cognizable' -- i.e., 'perceptible'; '[c]apable of being known, perceived, or apprehended by the senses or intellect' -- and one that can and indeed must be able to be articulated and described based on affirmative evidence" (footnotes and citations omitted). L.L. v. Commonwealth, 470 Mass. 169, 179 (2014).

"[E]ven where the board does not present any contrary expert testimony," the hearing examiner is not bound to accept the conclusions of Doe's expert. Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 637 (2011). Here, however, the examiner explicitly agreed with the expert's ultimate opinion on Doe's risk of reoffending. At the classification hearing, Dr. Saleh opined that Doe's risk is "relatively low," such that it is "contingent on what [Doe] may choose to do going forward" given his advanced age of seventy-eight, self-reported lack of sexual drive, and medication-

3

induced impotency, yet "very concerning" history of sexual offenses.  Dr. Saleh testified that "there are people who have really no risk.  That's not [Doe]. . . .  [H]e is still able to ambulate.  He is still able to use his hands, his mouth."  The examiner spent several pages addressing Dr. Saleh's testimony, evaluation, and opinion, and concluded that he "agree[d] with Dr. Saleh's opinion and also [found that Doe] is at a low risk for sexual reoffending and presents a low degree of dangerousness."

While Doe contends that the examiner "mutated Dr. Saleh's testimony that Doe's risk was 'relatively low,' into a conclusion of low risk," Doe overlooks the totality of his expert's testimony and the remainder of the examiner's decision.  In a thorough analysis of the applicable regulatory factors, see 803 Code Mass. Regs. § 1.33 (2016), the examiner considered, inter alia, the frequency and severity of Doe's governing sexual offenses (four rape convictions each involving bodily injury, threats, and violence) (factors 8, 19, and 22), his postconviction sexual misconduct (factor 2), his twelve-year civil commitment as a sexually violent predator[2] (factor 5) and

_____

[2] From 2007 until he was discharged in 2019, Doe was civilly committed in California as a sexually violent predator, the equivalent of a sexually dangerous person as defined by G. L. c. 123A, § 1.

past diagnoses with paraphilia and antisocial personality disorder (factor 1),[3] along with his nonsexual criminal history (factors 10 and 11), history of institutional disciplinary reports (factor 12), and violations of parole by committing additional sexual offenses (factor 13). See Doe, Sex Offender Registry Bd. No. 356315 v. Sex Offender Registry Bd., 99 Mass. App. Ct. 292, 299 (2021) (hearing examiner has discretion to consider which factors are applicable and weight afforded to each). The examiner weighed these high risk and risk-elevating factors against five risk-mitigating factors, including those raised by Dr. Saleh, regarding Doe's advanced age (factor 30), medical conditions affecting his sexual drive and functioning (factor 31), engagement with sex offense-specific treatment (factor 32), positive home environment and support system (factor 33), and stability in the community (factor 34). Thus, the hearing examiner considered Doe's present circumstances in the context of his past conduct to reach a determination that Doe continues to present a cognizable risk of reoffense. See Doe, Sex Offender Registry Bd. No. 1211 v. Sex Offender Registry Bd., 447 Mass. 750, 764 (2006) (hearing examiner not required to find that "risk-reducing factors completely ameliorated . . .

---

[3] The examiner gave minimal weight to this factor based on Dr. Saleh's testimony that Doe no longer meets the criteria for these diagnoses. See 803 Code Mass. Regs. § 1.33(1)(a).

risk of reoffense and degree of dangerousness").  Where the classification is supported by "such evidence as a reasonable mind might accept as adequate to support a conclusion," G. L. c. 30A, § 1 (6), and "the examiner's detailed written decision was balanced and fair," Smith v. Sex Offender Registry Bd., 65 Mass. App. Ct. 803, 813 (2006), we do not disturb the board's decision.

Judgment affirmed.

By the Court (Blake, C.J., Hodgens & Toone, JJ.[4]),

Clerk

Entered:  May 6, 2025.

---

[4] The panelists are listed in order of seniority.

6