NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-920

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 473226

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The petitioner, John Doe, appeals from a Superior Court judgment affirming Doe's classification by the Sex Offender Registry Board (board) as a level three sex offender.  We affirm.

Background.  We summarize the facts as set forth in the hearing examiner's decision.  On a night in 2011, Doe, then forty-one years old, and a male companion encountered the fourteen year old victim.  The victim was a stranger to them. The victim got into Doe's car but then changed her mind; Doe told her that if she got out of the car he would kill her.  Doe and his companion gave the victim alcohol and marijuana; she vomited and was hallucinating.  Later, Doe and his companion

drove her to a hotel. When the victim told Doe that she was not getting out of the car, Doe made a gesture the victim took to mean that he had a gun; the victim went with the men into the hotel. In the hotel room, both men raped the victim. Doe put his penis in the victim's vagina while his companion put his penis in her mouth. When the victim awoke, naked, the following morning, Doe took photographs of her using his cell phone, then drove her around for some time and finally dropped her off on a bridge. The victim was on the bridge contemplating suicide when a passerby stopped and intervened.

Doe was subsequently indicted in the Superior Court for aggravated rape and abuse of a child, and in 2014, he was convicted and sentenced to ten to twelve years in prison. In 2019, the board preliminarily classified Doe as a level three sex offender. Doe sought review of that determination and, in 2023, a hearing examiner reviewing the case de novo also classified Doe as a level three sex offender. Doe unsuccessfully challenged his classification in the Superior Court and this appeal followed.

Discussion. A level three classification requires explicit findings, supported by clear and convincing evidence, that the offender presents "a high risk of reoffense" and "a high degree of dangerousness," such that "a public safety interest is served

2

by active dissemination of the offender's registry information."
Doe, Sex Offender Registry Bd. No. 6729 v. Sex Offender Registry
Bd., 490 Mass. 759, 768 (2022) (Doe No. 6729). See G. L. c. 6,
§ 178K (2) (c). In rendering a classification determination,
"[a] hearing examiner has discretion . . . to consider which
statutory and regulatory factors are applicable and how much
weight to ascribe to each factor." Doe, Sex Offender Registry
Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 109-
110 (2014) (Doe No. 68549). Our standard of review is
deferential to the board's "experience, technical competence,
and specialized knowledge." See G. L. c. 30A, § 14 (7). We
will not disturb the board's classification decision

> "unless that decision was (a) in violation of
> constitutional provisions; (b) in excess of [the board's]
> authority; (c) based upon an error of law; (d) made upon
> unlawful procedure; (e) unsupported by substantial
> evidence; (f) unwarranted by facts found by the court,
> where the court is constitutionally required to make
> independent findings of fact; or (g) arbitrary or
> capricious, an abuse of discretion, or otherwise not in
> accordance with law."

Doe No. 68549, supra at 108-109.

The hearing examiner's thorough written decision documented
the findings required to support Doe's classification as a level
three sex offender. After setting out the facts we have just
summarized, the hearing examiner detailed his application of the
relevant statutory and regulatory considerations, including one

3

high-risk factor,[1] eight risk-elevating factors,[2] four risk-

mitigating factors,[3] and one additional factor.[4]  Contrary to

---

[1] Doe was an adult offender with a child victim (factor 3).
See G. L. c. 6, § 178K (1) (a) (iii); 803 Code Mass. Regs.
§ 1.33(3)(a) (2016).

[2] Doe was a stranger to the victim at the time of the rapes
(factor 7); threatened to kill the victim if she did not comply
with his demands (factor 8); had a history of substance abuse,
used drugs and alcohol himself before raping the victim, and
gave drugs and alcohol to the victim before raping her (factor
9); had a lengthy and varied criminal history (factor 10); had
past charges for violence unrelated to his rape of the victim
(factor 11); incurred fifteen disciplinary reports while
incarcerated (factor 12); offended against the victim while the
victim was intoxicated and thus, extra vulnerable (factor 18);
and raped the victim by putting his penis in her vagina (factor
19).  See G. L. c. 6, § 178K (1); 803 Code Mass. Regs. § 1.33
(7)(a)(3), (8)(a), (9)(a), (10)(a), (11)(a), (12)(a), (18)(a),
(19)(a).  The hearing examiner also gave minimal, moderate, or
increased weight to certain factors, based on Doe's particular
circumstances.

[3] The examiner gave "minimal weight" to Doe's age of fifty-
three (factor 30), "moderate weight" to his participation in sex
offender treatment (factor 32), "full weight" to Doe's
supportive home situation (factor 33), and "moderate weight" to
evidence of the defendant's plans for employment and housing
after his release from incarceration (factor 34).  See G. L.
c. 6, § 178K (1); 803 Code Mass. Regs. § 1.33(30)(a), (32)(a),
(33)(a), (34)(a).

[4] The examiner considered a comprehensive sexual offense
assessment and treatment evaluation prepared by a licensed
mental health counselor (factor 35), although, because the
counselor did not testify at the classification hearing, the
examiner did not consider the counselor's ultimate opinion about
the risk that Doe will sexually recidivate.  See G. L. c. 6,
§ 178K (1) (f); 803 Code Mass. Regs. § 1.33(35)(a).

Doe does not challenge the application of any of the
factors on which the examiner relied.

Doe's argument on appeal, the examiner then explained how he assessed Doe's current risk of recidivism and degree of dangerousness. In doing so, the hearing examiner demonstrated that he properly considered not only the characteristics of Doe's index offense, but also the context provided by Doe's life before and after the offense. See, e.g., Doe, Sex Offender Registry Bd. No. 3177 v. Sex Offender Registry Bd., 486 Mass. 749, 759 (2021).

The hearing examiner's decision was not, as Doe suggests, a mere rehashing of the applicable statutory and regulatory factors. Cf. Doe, Sex Offender Registry Bd. No. 11204 v. Sex Offender Registry Bd., 97 Mass. App. Ct. 564, 575-576 (2020) (vacating petitioner's level three sex offender classification in part because hearing examiner's decision amounted to mere "tally sheet of aggravating and mitigating factors" rather than reasoned analysis). The hearing examiner's discussion of Doe's risk of reoffense at the time of the 2023 classification hearing explicitly tied the facts of Doe's case to variables that the regulations identify as "the strongest predictors of sexual recidivism for all sex offenders." 803 Code Mass. Regs. § 1.33 (2016). To do so, the hearing examiner explained that Doe's rape of a child whom he did not know demonstrated Doe's willingness to engage in sexual wrongdoing. The examiner also

addressed Doe's historical and ongoing inability to conform to required behavioral norms, considering his criminal record and disciplinary reports incurred while incarcerated, as well as evidence that mitigated Doe's risk.  Cf. Doe, Sex Offender Registry Bd. No. 24341 v. Sex Offender Registry Bd., 74 Mass. App. Ct. 383, 384, 388 (2009) (classification vacated where it was based "solely on the characteristics of [offender's] more than twenty year old crime").  Based on those considerations, the hearing examiner concluded that Doe presented an ongoing high risk of reoffense.

Turning to the danger Doe posed to the public, the hearing examiner explained that research supports the correlation between "an increased degree of dangerousness" and several of the factors the hearing examiner found applicable to Doe's case -- specifically, "the violent sexual assault of [an] extra-vulnerable [v]ictim that involves penile penetration," as well as a criminal history involving (but not limited to) a nonsexual violent offense and disciplinary reports during incarceration. Although he considered that some of this evidence was "dated," he concluded that Doe still presented a high degree of dangerousness.  See 803 Code Mass. Regs. § 1.33.  We are not persuaded that the evidence on which the hearing examiner relied was inadequate to support his classification determination, and

6

thus we do not agree with Doe that the hearing examiner's decision was therefore arbitrary and capricious, nor that it constituted an abuse of the hearing examiner's discretion. See, e.g., Doe No. 68549, 470 Mass. at 112.

Although Doe argues that the hearing examiner's decision failed to "'make clear' why and how [Doe] presents as" a level three sex offender, he offers no suggestion of what else the examiner could have said to clarify the decision. At bottom, Doe's arguments are a challenge to the hearing examiner's weighing and balancing of the factors applicable to Doe, decisions to which we defer. See Doe No. 68549, 470 Mass. at 109-110; Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 88 (2019). Because we are satisfied that the hearing examiner's decision was supported by clear and convincing evidence of Doe's high risk of recidivism and high degree of dangerousness, see Doe No. 6729, 490 Mass. at 768, and that the examiner properly considered mitigating evidence Doe presented at the 2023 classification hearing, we conclude that the decision was neither arbitrary nor capricious. See Doe No. 68549, supra at 112 (classification decision is arbitrary or capricious if it fails to account for factor relevant to offender's risk of recidivism). We discern

7

no reason to disturb the board's level three classification, and thus, we affirm.[5]  See id. at 108-109.

Judgment affirmed.

By the Court (Henry, Hand & Allen, JJ.[6]),

Clerk

Entered:  March 23, 2026.

---

[5] Doe does not raise a separate challenge to the hearing examiner's determination that Internet dissemination of his information should be required, see G. L. c. 6, § 178K (2) (c), and we therefore do not address it.

[6] The panelists are listed in order of seniority.

8